# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA V. DURAN  )<br>            )<br>    Plaintiff,  )<br>            )<br>    v.      )<br>            )<br>MICHAEL J. ASTRUE,   )<br>Commissioner of Social Security  )<br>            )<br>    Defendant.  )<br>_____) | No. CV 10-4106 (AGR)<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

Plaintiff Veronica Duran filed a complaint on June 7, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on June 21, 2010, and February 23, 2012. (Dkt. Nos. 7, 15.) On March 8, 2011, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

On November 8, 2005, Duran filed an application for disability insurance benefits. Administrative Record ("AR") 12. She alleged a disability onset date of July 1, 2002. *Id.* The application was denied initially and upon reconsideration. *Id.* On November 20, 2007, an administrative law judge ("ALJ") conducted a hearing at which Duran and a vocational expert ("VE") testified. AR 731-43. On March 28, 2008, the ALJ issued a decision denying benefits. AR 9-19. On April 6, 2010, the Appeals Council denied the request for review. AR 3-6. This action was filed on June 7, 2010.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Duran met the insured status requirements through March 31, 2008. AR 14. Duran had the following severe impairments: cervical and thoracic strains, bilateral shoulder, hand and wrist strains and fibromyalgia. *Id.* She had the residual functional capacity ("RFC") "to perform sedentary work which permits lifting and carrying 10 pounds, sitting for six hours, and standing/walking for two hours out of an eight hour workday with occasional climbing except for ropes and ladders, occasional balancing, stooping, kneeling, crouching and crawling, no working around unprotected heights or hazardous equipment, and no working around extremes of cold." AR 15. Duran was capable of performing her past relevant work as a clerk and administrative clerk as generally performed. AR 19.

## C. Examining Physician

Duran's sole contention is that the ALJ erred in ignoring the opinion of Dr. Maze, an examining neurologist. Specifically, Duran argues the ALJ failed to consider Dr. Maze's "significant and probative findings" regarding her interrupted speech spasm.

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When an examining physician's opinion is contradicted, "it may be rejected for 'specific

and legitimate reasons that are supported by substantial evidence in the record.'" *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

Dr. Maze examined Duran on February 28, 2007. AR 188.[1] Dr. Maze noted Duran's complaints of vocal spasms, which came on suddenly and caused Duran to make a high pitched sound and lose her ability to speak for 30 seconds to a minute. AR 189. Duran had multiple vocal spasms in the presence of her doctors, but a reason had not been determined. *Id.* Duran attended Cal State Fullerton. *Id.*

During the neurological examination, Dr. Maze observed an unusual episode. AR 190. Duran "suddenly stopped speaking and ma[de] a sound as if she were choking. She flex[ed] her body forward, but remain[ed] able to nod and shake her head to respond to questions, but she [could] not say actual words. The behavior and posture lasted for approximately 19 to 20 minutes. She then was less active for about 30 seconds and then she returned to her usual functioning." *Id.*

Dr. Maze did not find any functional limitations due to the spasms. AR192-93. She found the following functional limitations: Duran could occasionally lift no more than 10 pounds and frequently lift no more than 5 pounds; she could walk for no more than 2 hours of an 8-hour workday with normal breaks; and she could not climb ladders or scaffolding. AR 192. She had no restrictions in sitting, manipulation with her hands, or using her feet/legs. AR 192-93.

The ALJ gave controlling weight to the opinion of Duran's treating physician, Dr. Hunt, who limited Duran to sedentary work. AR 18, 214, 219, 235, 560-61. The ALJ found that Dr. Hunt's opinion was consistent with the opinions of Dr. Maze and the state agency consultant. AR 18, 117-20.

Although the ALJ did not specifically mention Dr. Maze's note about the interrupted speech spasm, the ALJ discussed Dr. Maze's evaluation and functional limitations. AR 17. The ALJ also noted that Duran saw Dr. Stokol on July 20 and

---

[1] Page references are to page numbers on the upper right-hand corner of the pages.

4

September 25, 2006 regarding her "recurrent voice and respiratory alterations which were hiccup-like." AR 17, 618-21. Dr. Stokol noted that Duran's MRI of the brain and CT scan of the head and neck were normal. AR 17, 618, 620. Ear, nose, and throat evaluation was negative. AR 620. Vocal cord evaluation done while Duran was symptomatic was also negative. *Id.* Dr. Stokol prescribed Baclofen. AR 621. The ALJ noted that, when last seen on September 25, 2006, Dr. Stokol noted Duran had "improved in terms of unusual hiccups and sounds" on the medication. AR 17, 618. Dr. Stokol encouraged her to be as active as possible. AR 17, 618.

The record does not contain any opinion by a physician that Duran's interrupted speech spasm resulted in any functional limitation. The ALJ's RFC assessment is supported by substantial evidence. Moreover, the hypothetical to the VE included "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). Duran relies upon her counsel's hypothetical to the VE. That hypothetical asked whether there were any jobs in the national economy for an individual who can sit for less than 15 minutes at a time, stand for less than 15 minutes at a time, walk for less than 20 steps, and suffers spasms throughout the day that make her unable to communicate or function in any manner. AR 742. The VE responded that there were no such jobs. *Id.* Duran's reliance on this testimony is unavailing because the limitations in the hypothetical are not supported by substantial evidence. *Bayliss*, 427 F.3d at 1217-18. With respect to spasms, the record does not support the assumption that Duran suffers from spasms throughout each day that render her unable to communicate or function in any manner.[2] The ALJ did not err.

---

[2] As previously noted, one spasm lasting 20 minutes was reported by Dr. Maze. No other physician observed a spasm lasting anywhere near that long. *See* AR 618 (after medication, only one episode of unusual hiccups observed). Duran reported to Dr. Maze that she would lose her ability to speak for 30 seconds to a minute. AR 189.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 24, 2012

　　　　　　　　　　　　　　　　ALICIA G. ROSENBERG
　　　　　　　　　　　　　　　United States Magistrate Judge